```
Justin Prato Esq, SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-886-0252
Facsimile:  619-241-8309
```

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL M. LORENZO,<br><br>  Plaintiff,<br><br>vs.<br><br>PATRICK M. SHANAHAN,<br><br> Acting Secretary,<br><br>Department of Defense,<br><br>  Defendants. | Case No.: **'19 CV 1128 WQH BGS**<br><br>**COMPLAINT FOR DAMAGES, INCLUDING, INTEREST AND ATTORNEY'S FEES FOR VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT, AS AMENDED, AGE DISCRIMINATION IN EMPLOYMENT ACT, AND THE REHABILITATION ACT OF 1973, AS AMENDED.**<br><br>Jury Demanded |

## COMPLAINT

COMES NOW Plaintiff VIRGIL M. LORENZO (hereinafter referred to as "Plaintiff" or "Mr. Lorenzo") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is currently a resident of the County of San Diego, State of California during all relevant times to this Complaint.

- 1 -
Complaint

2. Defendant, PATRICK M. SHANAHAN is the Acting Secretary of the Department of Defense ("Agency"), and at this time services as the head of the Agency a department of the United States government.

3. At all times relevant to the complaint, the Plaintiff worked for the Department of Defense.

4. This case is filed pursuant to the Title VII of the 1964 Civil Rights Act, As Amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and the Rehabilitation Act of 1973.

5. This case is timely as the Plaintiff in this case has filed all administrative complaints within forty-five (45) days of the date of the alleged discriminatory act as required by law.

6. The Plaintiff has fulfilled his obligation to pursue administrative remedies in this case as he filed all of his administrative complaints with the Defendant and they were processed by the Defendant in accordance with 42 USC 2000e-16(c).

7. Plaintiff received the EEOC's final decision on his reconsideration request on or about March 17, 2019, which provided him ninety (90) days to file his claim in Federal District Court.

8. This Complaint is timely as it was filed within the ninety (90) days of receipt of the Final Agency Decision that was required in order to file suit.

9. At all times herein mentioned each member of the Defendant's management was using their authority as a manager or human recourses to effectuate the discrimination and harassment of the Plaintiff.

## FACTUAL SUMMARY

10. On the week of August 25, 2010, I was one of four teachers that Mr. Grade hired to teach at Lester Middle School, Camp Lester, Okinawa, Japan.

11. I was a returning DOD Dependent Schools teacher, having taught high school science in Mannheim and Heidelberg, Germany, but was placed among six teachers on a two-year Provisional Level contract because I was away for more than two years.

12. Like the six teachers at Lester Middle School and all Provisional Level teachers in DODDS in August, 2010, I had the opportunity to advance to the Professional Level if Mr. Grade appraised my performance as satisfactory.

13. The Education Performance Appraisal System (EPAS) defined for Mr. Grade and me the source of data upon which to base his appraisal, namely, from three formal observations, two of which were announced, the third unannounced.

14. On the week of December 15, 2010, Mr. Grade appraised my performance as unsatisfactory and fired me without conducting any formal observation. Mr. Grade abused his authority and I filed an EEO complaint.

15. I was discriminated against because I was deaf on one ear and was hard of hearing, about which Mr. Grade asked me on our first meeting three weeks into the school year.

16. My deaf ear affects my daily life and living activities.

17. The Agency was aware of my deafness at the time of termination.

18. I was discriminated against in my termination due to my disability.

19. I was also 65 years old and felt that Mr. Grade was reacting to comments from one parent that he hired a "deaf old man."

20. The Agency was aware of my age at the time of my termination.

21. I was discriminated against in my termination due to my age.

22. I am also Filipino and I felt that Mr. Grade fired me because a Caucasian mom from the U.S. Southeast took offense at my comment on the undesirable effects of a two-week extended Thanksgiving break on her son's school performance.

23. The Agency was aware of my race and national origin at the time of my termination.

24. was discriminated against in my termination due to my national origin and race.

## FIRST CAUSE OF ACTION

[Discrimination on the basis of Race/National Origin- Title VII]

25. Plaintiff re-alleges all paragraphs above and incorporates them herein by reference.

26. Plaintiff is bringing this action pursuant to the provisions of Title VII.

27. Under Title VII, an employer, including the Federal Government, is not permitted to discriminate against an employee on the basis of their race or national origin in making employment decisions.

28. Based on the facts above, Plaintiff can show that the Agency terminated him due to his race and/or national origin.

29. As the Plaintiff can show the above elements of his claim, he can prove his prima facie case.

30. Additionally, as shown in the facts stated above, the Defendant did not remedy any discrimination that was reported by the Plaintiff.

31. The Defendant does not have a legitimate non-discriminatory reason to justify its actions, based on the facts alleged.

32. Even if the Defendant's produce a reason for the discriminatory actions, that reason is simply pretext for discrimination Based on the facts alleged.

33. Based on the above these actions constituted discrimination, to which the Plaintiff suffered damages as the proximate cause, and as such Plaintiff is entitled to damages as prayed for below.

## SECOND CAUSE OF ACTION

[Discrimination on the basis of Race/National Origin- ADEA]

34. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

35. Plaintiff is bringing this action pursuant to the provisions of the Rehabilitation Act.

36. This cause of action is also filed pursuant to the ADEA.

37. Under the ADEA, an employer, including the Federal Government, is not permitted to discriminate against an employee on the basis of their age in making employment decisions.

38. Based on the facts above, Plaintiff can show that the Agency terminated him due to his age.

39. As the Plaintiff can show the above elements of his claim, he can prove his prima facie case.

40. Additionally, as shown in the facts stated above, the Defendant did not remedy any discrimination that was reported by the Plaintiff.

41. The Defendant does not have a legitimate non-discriminatory reason to justify its actions, based on the facts alleged.

42. Even if the Defendant's produce a reason for the discriminatory actions, that reason is simply pretext for discrimination Based on the facts alleged.

43. Based on the above these actions constituted discrimination, to which the Plaintiff suffered damages as the proximate cause and as such Plaintiff is entitled to damages as prayed for below

## THIRD CAUSE OF ACTION

[Discrimination on the basis of disability]

44. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

45. This cause of action is pursuant to the Rehabilitation Act.

46. Under the Rehabilitation Act, an employer, including the Federal Government, is not permitted to discriminate against an employee on the basis of their disability in making employment decisions.

47. Plaintiff is a disabled individual.

48. Based on the facts above, Plaintiff can show that the Agency terminated him due to his disability.

49. As the Plaintiff can show the above elements of his claim, he can prove his prima facie case.

50. Additionally, as shown in the facts stated above, the Defendant did not remedy any discrimination that was reported by the Plaintiff.

51. The Defendant does not have a legitimate non-discriminatory reason to justify its actions, based on the facts alleged.

52. Even if the Defendant's produce a reason for the discriminatory actions, that reason is simply pretext for discrimination Based on the facts alleged.

53. Based on the above these actions constituted discrimination, to which the Plaintiff suffered damages as the proximate cause and as such Plaintiff is entitled to damages as prayed for below

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On ALL CAUSES OF ACTION:

1. For compensatory damages according to proof;

2. For emotional distress damages according to proof subject to the statutory maximum of $300,000.00;
3. Reinstatement to his position, or alternatively, future wage damages;
4. For attorney's fees pursuant to 42 U.S.C. § 2000e-5(g)(1), 29 U.S.C. § 216(b) for ADEA, the Rehabilitation Act, section 504 or any other statutory authority (if later applicable).
5. For costs of suit herein incurred; and
6. For such further relief as the Court deems proper.

DATED: 06/14/2019                                **PRATO & REICHMAN, APC**

    __/s/ Justin Prato Esq._____
By: Justin Prato Esq..
**Prato & Reichman, APC**
Attorneys for Plaintiff